1

2

3

4

5

6

**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
mmeyers@AttorneysForConsumers.com
**Attorney for Plaintiff**

7

8

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9

10

11

12

13

14

15

| | | |
|---|---|---|
| Richard Kellar, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| vs. | ) | |
| | ) | |
| Ewing & Ewing Attorneys, PC and | ) | |
| Cavalry Portfolio Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

16

17

**NATURE OF ACTION**

18

19

    1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

20

21

**JURISDICTION AND VENUE**

22

23

    2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24

25

26

27

    3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

28

Complaint - 1

**PARTIES**

4.      Plaintiff, Richard Kellar ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Mesa.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Ewing & Ewing Attorneys, PC ("E&E") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      E&E is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, Cavalry Portfolio Services, LLC, ("CPS") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than E&E.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than E&E, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than E&E.

13.      E&E uses instrumentalities of interstate commerce or the mails in a

business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be

owed or due another.

14.    CPS purchases debts once owed or once due, or asserted to be once owed

or once due a creditor.

15.    CPS acquired Plaintiff's debt once owed or once due, or asserted to be once

owed or once due a creditor, when the debt was in default.

16.    CPS is thoroughly enmeshed in the debt collection business, and CPS is a

significant participant in E&E's debt collection process.

17.    Defendant represented that Plaintiff owes a debt that Plaintiff does not in

fact owe.   (15 U.S.C. § 1692e(2)(A), 1692e(10)).

18.    Defendant Ewing & Ewing, P.C., itself and on behalf of Defendant Cavalry

Portfolio Services, LLC, sent Plaintiff written communication dated October 7, 2010 in

which Defendant failed to meaningfully convey Plaintiff with the notices requires by 15

U.S.C. § 1692g(a) et seq.   Defendant's letter contained the following statement, in

relevant part:

Pursuant to federal law you have thirty (30) days from the date of receiving this letter to dispute the validity of this debt and request verification of the debt. If you do not dispute the validity of this debt within thirty (30) days from the date of receiving this letter, then the debt will be assumed to be valid by the debt collector.

This statement would lead a less sophisticated consumer to mistakenly believe (1)

that a request for validation could be made orally and (2) that the entire debt must be

disputed by Plaintiff, instead of any portion of the debt, and as such, fails to provide the

notices required by 15 USC § 1692g(a) et seq., either in the initial communication with

Plaintiff, or in writing within 5 days thereof.  (15 U.S.C. § 1692g(a) et seq.).

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT E&E

19.    Plaintiff repeats and re-alleges each and every allegation above.

20.    Defendant E&E violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that E&E violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT CPS

21.    Plaintiff repeats and re-alleges each and every allegation above.

22.    Defendant CPS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the

amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23.   Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 11th day of March, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff